UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOSTALGIC PARTNERS, LLC, d/b/a THE STATEN ISLAND YANKEES; ONEONTA ATHLETIC CORPORATION, d/b/a THE NORWICH SEA UNICORNS; SPORTS ENTERPRISES, INC. d/b/a SALEM-KEIZER VOLCANOES; and TRI-CITY VALLEYCATS, INC., <br><br>Plaintiffs, <br><br>v. <br><br>THE OFFICE OF THE COMMISSIONER OF BASEBALL, AN UNINCORPORATED ASSOCIATION d/b/a MAJOR LEAGUE BASEBALL, <br><br>Defendant. | Case No. 1:21-cv-10876-ALC <br><br>Hon. Andrew L. Carter |

**PLAINTIFFS' RESPONSE TO UNITED STATES' STATEMENT OF INTEREST**

The United States' Statement of Interest underscores the importance of this case, as well as the need for an expeditious appeal and decision from the Supreme Court addressing the "continued viability and scope," if any, of Major League Baseball's exemption from the antitrust laws. *Laumann v. Nat'l Hockey League*, 56 F. Supp. 3d 280, 295 (S.D.N.Y. 2014). In the government's view, the so-called baseball exemption is "aberrational" and lacks basis in antitrust policy. ECF No. 35 ("DOJ Brief"), at 1. The exemption was not created to reconcile competing legal authorities or policies, for example, and it is not tethered to the text or history of the Sherman Act. *Id.* at 6. It is a "freestanding" rule that rests on a now-repudiated Commerce Clause rationale. *Id.* at 8. The Supreme Court recently commented that the exemption was dubious even at the time it was created and signaled its forthcoming demise. *Id.* at 6 n.1 (citing *NCAA v. Alston*, 141 S. Ct. 2141, 2159 (2021)). The Supreme Court and lower courts have thus declined to create similar

exemptions for other sports, including most recently NCAA college sports. *Id.* at 5 (collecting cases). Nonetheless, the baseball exemption persists and gives Major League Baseball a free pass to injure Plaintiffs by restricting competition.[1]

The indefensible baseball antitrust exemption also causes ongoing harm to the public. The United States submitted its Statement of Interest because it has a "strong interest" in the correct application of the antitrust laws, "particularly . . . where parties seek special treatment under the antitrust laws as Defendant does here." *Id.* at 1. As the government explains, the exemption is "a recurring source of litigation" with differing results in courts around the country. *See id.* at 4; *id.* at 10 n.5 (collecting cases that have interpreted the exemption to cover only the reserve clause). To avoid divergent and arbitrary applications of the exemption, the United States suggests that lower courts "narrowly construe" the exemption—at least "[w]hile *Federal Baseball* and its progeny remain binding precedent." *Id.* at 8.

While the United States and the parties in this case can weigh in on the proper scope, if any, of the exemption, this is ultimately the question for the Supreme Court: whether the aberrational, incorrect *Federal Baseball* decision and its progeny *should* remain binding precedent and, if so, with what metes and bounds. Faced with that question today, there is a strong likelihood the Supreme Court would eradicate the exemption altogether or severely limit its reach. But until the Court revisits its confounding exemption "Trilogy" (for the first time in fifty years), lower courts will continue to struggle to discern the boundaries of the exemption or apply it to new commercial situations. Worse, every time the exemption is applied, it will vitiate the compelling public interests protected by the Sherman Act, "the Magna Carta of free enterprise." *United States*

---

[1] As Plaintiffs explained in their Opposition to Defendant's Motion to Dismiss, Major League Baseball's anticompetitive conduct likely falls within the exemption as construed by *Wyckoff v. Office of Commissioner of Baseball*, 705 F. App'x 26, 29 (2d Cir. 2017). *See* ECF No. 31 at 8.

2

*v. Topco Assocs., Inc.*, 405 U.S. 596, 610 (1972). And it does so without any grounding in the Sherman Act's text or antitrust policy. *See* DOJ Brief at 1, 6-8.

This is the ideal case to end Major League Baseball's immunity from the antitrust laws once and for all. Major League Baseball engaged in a blatantly anticompetitive boycott of Plaintiffs. Specifically, Major League Baseball orchestrated a horizontal agreement among the 30 professional teams who would otherwise compete against one another to have the best minor league system for each of their ball clubs. There is no policy justification to exempt such behavior, as it also harms players and fans who "los[e] out on the benefits of competition." *Id.* at 1. For the reasons in Plaintiffs' Opposition to Defendant's Motion to Dismiss, ECF 31, Plaintiffs are the most efficient enforcers to vindicate the public interest in competition and have successfully alleged a violation of the antitrust laws, if not for the exemption. The "continued viability and scope" of the baseball exemption is the only legitimate pleading-stage argument Major League Baseball has advanced in this case, and, as the Statement of Interest makes clear, it is a critical issue with far-reaching consequences. This case should proceed to the Second Circuit and then to the Supreme Court, so the high court can revisit its century-old precedent that no longer has any foundation in law or policy. *See Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*, 551 U.S. 877, 900 (2007) (overruling century-old antitrust precedent after economic and doctrinal underpinnings had been routinely questioned, and rejecting *stare decisis* arguments); *State Oil Co. v. Khan*, 522 U.S. 3, 21 (1997) (overturning longstanding antitrust rule after its "theoretical underpinnings" were removed).

DATED: July 1, 2022
          New York, New York

Respectfully submitted,

By: */s/ David J. Lender*
David J. Lender (NY Bar 2583722)
Gregory Silbert (NY Bar 4244984)
Eric S. Hochstadt (NY Bar 4222683)
Zachary A. Schreiber (NY Bar 5612429)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
david.lender@weil.com
gregory.silbert@weil.com
eric.hochstadt@weil.com
zach.schreiber@weil.com

Mark Pinkert (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Ave., Suite 1200
Miami, FL 33131
Tel: (305) 577-3148
mark.pinkert@weil.com

James W. Quinn (NY Bar 1304500)
Emily M. Burgess (NY Bar 5307038)
**BERG & ANDROPHY**
120 W. 45th St., 38th Floor
New York, New York 10036
Tel: (646) 766-0073
Fax: (646) 219-1977
jquinn@bafirm.com
eburgess@bafirm.com

*Counsel for Plaintiffs*